Argued and submitted September 14, affirmed December 10, 1979

# STATE OF OREGON,
*Respondent,*
*v.*
# JAMES EDWARD MARQUARDT,
*Appellant.*

(No. 24540, CA 14367)

603 P2d 1198

Warren John West, Bend, argued the cause for appellant. With him on the brief were Forcum, West & Beck, and Leonard C. Parker, Bend.

W. Benny Won, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Tanzer, Presiding Judge, and Thornton and Campbell, Judges.

THORNTON, J.

## THORNTON, J.

Defendant appeals his conviction of possession of a controlled substance (ORS 475.992(4)) and assigns as error the denial of his motion to suppress the fruits of a search of his house on the ground that the affidavit forming the basis for the issuance of the warrant showed on its face that the information contained in the affidavit was stale. The warrant was sought and issued on February 3, 1979. The allegations of the affidavit came largely from personal observations made at the same house on the alleged date of "February 03, *1978.*"

Relying on the rule that probable cause must be determined from the "four corners" of the affidavit, *i.e.,* the information properly before the magistrate, defendant contends the information was stale as a matter of law and the warrant invalid. This argument is without merit. It hardly seems likely that the affiant would wait exactly one year from the date he obtained his information and then seek a warrant at p.m. Based on this circumstance, the magistrate, if he noticed the error at all, could properly conclude that it was a clerical error and that the date referred to was February 3, 1979. There is no contention that the affidavit was otherwise insufficient to establish probable cause. The error was a result of the haste of criminal investigation and to treat it in any other manner is to apply a hypertechnical standard of review disapproved by the United States Supreme Court. *United States v. Ventresca,* 380 US 102, 108, 85 S Ct 741, 13 L Ed 2d 684 (1965). *See also State v. Diaz,* 29 Or App 523, 528, n 3, 564 P2d 1066 (1977).

Affirmed.